PETER CANSLER v. JAMES A. HENDERSON.

"Thence, N. 57, E., 34 poles, with the ditch, to a willow stump on the bank of the ditch,"—the ditch being, at the beginning, 18 links, and, at end, 2 poles, wide, and the willow stump being, not directly upon its bank, but, upon a run which conveyed the water from the ditch : means, through the middle of the ditch to its end, and thence down the run to the willow stump.

CIVIL ACTION, upon an arbitration bond, tried before *Logan, J.,* at Spring Term 1870, of GASTON Court.

The bond had been given with a view of settling a dispute between the parties, in respect to land ; and an award had been made, the material portion of which, here, is that, in describing the boundary to be established between the parties, a line running from *a stone,* (marked B in the plat) the following language was used : "Thence N. 57 E., 34 poles, with the ditch, to a willow stump on the bank of the ditch." The ditch, nearest B was 18 links wide, and, at the other end, two poles wide. The willow stump was not upon the bank of the ditch, but some feet off, upon a run, which carried the water from the ditch, and north-eastwardly from its lower end. A straight line from B to the stump did not touch the ditch. A line through the middle of the ditch was according to the course called for in the award, but the distance called for went beyond the end of the ditch, and to the left of the run.

The plaintiff claimed that the line ran through the middle of the ditch. In that event, the defendant had violated the award by erecting a fence upon the land of the plaintiff. The plaintiff also claimed that the penalty of the bond ($1000) was *liquidated* damages.

His Honor, after laying down the rules of law, applicable in cases of boundary, left the question involved, to the jury,

stating that if they should find for the plaintiff, he was entitled to nominal damages.

Verdict for the defendant; Rule, &c.; Judgment, and Appeal by the plaintiff.

*Guion* and *Bynum*, for the appellant.

There was error in submitting the question to the jury, instead of charging that there was nothing to control the call. *Johnson* v. *Farlow*, 11 Ire. 201.

The point involved here is decided in *Sandifer* v. *Foster*, 1 Hay. 237; *Shultz* v. *Young*, 3 Ire. 385, and *Hays* v. *Askew*, 8 Jon. 226.

*Wilson*, contra.

DICK, J. The abstract principles of law laid down by his Honor, are substantially correct: Battle's Dig. Title, Boundary.

The error of his Honor consisted in not applying the principles of law to the case before him. The only question in dispute, is the proper location of the line between the stone at B, and the willow stump at C, and this is a question of law, which ought to have been determined by his Honor. The description of the boundary in the award, after reaching the stone at B, is: "thence N. 57, E., 34 poles, with the ditch, to a willow stump on the bank of the ditch." The ditch was a fixed and certain object, existing at the time the award was made, and must control the course and distance. The word "with," in this connection, means "through" and not "parallel to," as contended for by defendant's counsel. By a fair, legal construction of the description of the boundary in the award, the line commences at the stone at B. and runs

through the ditch to its end, and thence along the water run to the willow stump at C.

The principles of law involved in this case are so plain and well settled, that they need no further discussion, or reference to authorities. The jury found a verdict against the plaintiff, and therefore the question as to the measure of damages is not properly before us.

On another trial, it may be well for the plaintiff carefully to consider the question, whether in law he is entitled to recover the damages he claims, for so slight a trespass.

Let this be certified.